IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| MICHAEL LOVE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )   No. 02-2478 JPM-tmp |
| | ) |
| SHELBY COUNTY SHERIFF'S | ) |
| DEPARTMENT, | ) |
| | ) |
|     Defendant. | ) |

_____

ORDER ADOPTING REPORT AND RECOMMENDATION;
ORDER ON MOTION FOR ATTORNEY'S FEES AND EXPENSES; and
ORDER AWARDING ATTORNEY'S FEES AND EXPENSES

_____

Before the Court is the Report and Recommendation (DE # 70) of Magistrate Judge Tu M. Pham, submitted on December 10, 2007, recommending that this Court award Plaintiff Michael Love ("Love") attorney's fees in the amount of $33,475.50 and expenses in the amount of $1,193.27. No objections to the Report and Recommendation have been filed, and the time for filing objections has expired. For the following reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety and AWARDS Love attorney's fees in the amount of $33,475.50 and expenses in the amount of $1,193.27.

I.    BACKGROUND FACTS

Love filed his Amended Complaint (DE # 12) on January 8, 2003, alleging violations of Title VII of the Civil Rights Act

of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., on the basis of sex and age discrimination, sexual harassment, quid pro quo, and hostile work environment.  On May 26, 2004, the jury returned a verdict in Love's favor.  Love was awarded $3,330.00 in lost wages and $300,000.00 in compensatory damages (DE # 27).  The court entered a Corrected Judgment (DE # 42) in the amount of $303,330.00 on August 13, 2004.  On June 14, 2004, Defendant Shelby County ("Shelby County") filed its Motion for Judgment as a Matter of Law, or in the alternative, Motion to Reduce the Amount of Compensatory Damages or for a New Trial (DE # 29).  The Court denied the motion (DE # 55) on April 20, 2006.

Love filed his initial Motion for Award of Attorney's Fees and Costs Incurred at Trial (DE # 38) on July 23, 2004, in the amount of $34,380.00.  Shelby County filed its Response (DE # 43) on August 13, 2004.  On April 20, 2006, the court granted the motion and awarded Love $34,005.00 for the hours expended by his attorney, Kathleen L. Caldwell, from November 21, 2002 to June 30, 2004, plus $480.00 in expenses (DE # 54).

On May 11, 2006, Shelby County filed its Notice of Appeal (DE # 56) of the order denying its Motion for Judgment as a Matter of Law, or in the alternative, Motion to Reduce the Amount of Compensatory Damages or for a New Trial.  The Sixth Circuit dismissed the appeal on the grounds that Shelby County had waived its right to challenge the verdict by failing to

renew its motion for judgment as a matter of law at the close of all the evidence; it had failed to preserve any challenge to the court's denial of its Rule 59(a) motion for a new trial; and it had failed to preserve any objection to the court's denial of its motion for remittutur (DE #63).

Love moves for an award of attorney's fees in the amount of $40,380.00, as well as expenses totaling $1,193.27, incurred in successfully defending against Shelby County's appeal to the Sixth Circuit. Love contends, and Shelby County does not dispute, that he was the prevailing party on appeal and that Caldwell's hourly rate of $300.00 is a reasonable rate. Love further asserts that the work performed by Caldwell in defending against Shelby County's appeal was reasonable and necessary. Shelby County does not contest the reasonableness of Love's claim regarding his expenses incurred on appeal, totaling $1,193.27; however, Shelby County asserts that Love's application for fees should be reduced "by at least 47.55 hours at $300.00 an hour which amounts to $14,265.00." (Def. Br. Opp. Certain Hours, DE # 66-2, at 3-4.)

## II. ANALYSIS

Congress has explicitly authorized attorney's fees under Title VII, which provides that "[t]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. §

2000e-5(k). The amount of attorney's fees compensable under § 2000e-5(k) is determined by the "lodestar" method, in which fees are "calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blanchard v. Bergeron, 489 U.S. 87, 94 (1989) (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); see also Venegas v. Mitchell, 495 U.S. 82, 87 (1990). The court may then adjust this lodestar calculation in light of other factors. Blanchard, 489 U.S. at 94. The party seeking attorney's fees has the burden of showing that he is entitled to the award. Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Accordingly, that party also bears the burden of proof on the number of hours expended and the hourly rates claimed. Hensley, 461 U.S. at 433.

The court has discretion in determining the amount of the fee award. Id. at 437. Factors the court should consider are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the

"undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson v. Georgia Highway Express, 488 F.2d 714, 720 (5th Cir. 1974). The Supreme Court has recognized these factors as a "useful catalog of the many factors to be considered in assessing the reasonableness of an award of attorney's fees." Blanchard, 489 U.S. at 93-94; see also Hensley, 461 U.S. at 430 n.3 (citing Johnson, 488 F.2d at 717-19).

After thoroughly considering the law and the facts of this case, the Magistrate Judge calculated Love's award of attorney's fees as follows:

1. Caldwell's 134.60 attorney hours should be reduced by 0.25 hour, 9.20 hours, and 1.75 hours, for a total of 123.40 attorney hours billed at $300.00 per hour ($37,020.00). See Hensley, 461 U.S. at 433; Northcross v. Bd. of Educ. of Memphis City Sch., 611 F.2d 624, 646 (6th Cir. 1979).

2. 1.75 hours should be added back in at the reduced $100.00 paralegal rate ($175.00).

3. The overall award should be reduced by 10% because Love's attorney employed a minimum billing increment of 0.25 hour. Brack v. Shoney's, Inc., 2004 WL 2806495, at *5 (W.D. Tenn. July 29, 2004)("The Court looks with disfavor on minimum billing increments because they result in padding of time and do not accurately reflect the actual time required to perform a particular service. Padding hours demonstrates lack of billing judgment, and hours may be cut for padding.")(quoting Anglo-Danish Fibre Indus., Ltd. v. Columbian Rope Co., 2003 WL 223082, at *8 (W.D. Tenn. Jan. 28, 2003)); see also Northcross, 611 F.2d at 636.

4. This is not a rare or exceptional case that would merit any upward or downward adjustment of the fee award. See Geier v. Sunquist, 372 F.3d 784, 792-93. The factors identified in Johnson are properly and fairly reflected in the court's determination of the hourly rate and number of hours reasonably expended by Love's attorney. Johnson, 488 F.2d at 719.

5. The total attorney's fee award should be $33,475.50, and the appeal expenses award should be $1,193.27.

No objections to the Report and Recommendation have been filed, and the time for filing objections has expired. See 28 U.S.C. § 636(b)(1)(C); see also Harris v. City of Akron, 20 F.3d 1396, 1402-03 (6th Cir. 1994)("Failure to file an objection to a magistrate judge's recommendation constitutes a waiver of the right to appeal on the basis of that recommendation.")(citing Thomas v. Arn, 474 U.S. 140, 153-154 (1985)); see also Frontier Ins. Co. v. Blaty, 454 F.3d 590, 596-597 (6th Cir. 2006).

## III. CONCLUSION

Upon de novo review of the Magistrate Judge's recommendation, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety and AWARDS Love attorney's fees in the amount of $33,475.50 and expenses in the amount of $1,193.27.

So ORDERED this 28th day of December, 2007.

/s/ JON P. McCALLA
UNITED STATES DISTRICT JUDGE